UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 09-128-JBC**

**TAYSHAUN PRINCE,** **PLAINTIFF,**

**V.**

**BENTLEY DOWNERS GROVE,** **DEFENDANT.**

**MEMORANDUM OPINION AND ORDER**

The plaintiff having moved for summary judgment and attorneys' fees (R. 14) and there being no response from the defendant, the motion will be granted in part and denied in part.

I.   Background

Plaintiff Tayshaun Prince alleges that he wanted to buy a 2007 "Flying Spur" model Bentley with particular specifications. To accomplish this, James Motor Company in Lexington, Kentucky, put Prince's representative and agent, Billy Wilcoxson, in touch with Bentley Downers Grove (BDG), a Bentley dealership in Downers Grove, Illinois. Because BDG did not have and could not secure a 2007 model that satisfied Prince's specifications, they agreed to give Prince a trade-in credit of $171,245[1] on a 2008 model of his specifications if he purchased a

---

[1] The Memo from Joe Abbas, CEO of BDG, represents that BDG will give Prince a trade-in value of $169,845 if "the [2007] vehicle is not in any accident and or has any body damages and has less than 10,000 miles." R. 12, Ex. B.

different 2007 model for full manufacturer's suggested retail price (MSRP) of $191,245. Prince alleges he did not negotiate for a lower price because of BDG's promise to issue him a substantial trade-in credit. R. 14, at 3. *See also* Gold Aff. ¶ 5 (stating a 2007 Bentley Flying Spur model could have been purchased for $155,000). The agreement is memorialized in two documents. The first is a notation on the purchase order for the 2007 Bentley: "O8 will get credit for 07 of 171,245." R. 12, Ex. A. The second is a letter on BDG letterhead signed by its CEO, Joe Abbas, that states:

> Dear Mr. Prince
> Please be advised that I Joe Abbas Hereby agree to take the above vehicle in trade against a 2008 Flying Spur that you will order from Bentley Downers Grove for the sum of $169,845. Providing the vehicle is not in any accident and or has any body damage and has less than 10,000 miles.

R. 12, Ex. B.

BDG did not obtain the promised 2008 Bentley, but ordered a 2009 Bentley meeting Prince's specifications, which Prince is ready, willing, and able to purchase. Compl. ¶ 20. But "[t]he Defendant has informed the Plaintiff that it will not honor its promise and agreement to sell a new Bentley to the Plaintiff with a trade-in credit of $171,245 for the 2007 Bentley." *Id.* ¶ 19. BDG denied this in its answer. R. 2, ¶ 19. An e-mail from Mark Gold, a James Motor Company representative, to Wilcoxson details two conversations with the BDG Sales Manager in mid-December 2008 that confirmed the dealership's official position not to honor the agreement. R. 14, Ex. C.

2

Prince filed suit seeking enforcement of the agreement in Fayette Circuit Court; that action was removed to this court on March 10, 2009. R.1. The defendant filed an answer (R. 6), after which BDG's counsel filed a motion to withdraw (R. 8) that this court granted (R. 11). Since that time, no attorney has entered an appearance for BDG. Prince's counsel unilaterally filed a Report of 26(f) Planning Meeting because he had no one with whom to communicate on BDG's behalf. R 12. No cause was shown, per the court's order (R. 13), as to why BDG did not participate in the planning meeting, nor did counsel appear on BDG's behalf at an in-person status conference on December 8, 2009 (R. 16). On November 17, 2009, Prince filed the instant summary judgment motion (R. 14), to which no responsive pleading has been filed.

II.   Motion for Summary Judgment

The court cannot grant a motion for summary judgment simply because it is unopposed. *See Sutton v. United States,* 1991 WL 590, at *2 n.1 (6th Cir. Jan. 4, 1991). The court must still evaluate whether the moving party is legally entitled to summary judgment, *id.*, although the trial court is not required to "conduct its own probing investigation of the record." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 405 (6th Cir. 1992). Instead, the court may rely upon the facts presented by the moving party. *In re St. Clair Clinic, Inc.*, 1996 WL 6531, at *2 (6th Cir Jan. 8, 1996).

Prince's complaint contained six causes of action: Breach of Express

3

Contract; Breach of Implied Contract; Specific Performance; Violation of the Kentucky Consumer Protections Act; Fraud; and Promissory Estoppel.  Compl. ¶¶ 21-57.  In his motion for summary judgment, Prince seeks an award of $25,000 in compensatory damages instead of specific performance "in light of BDG's representative notifying" his attorney "that BDG may file bankruptcy."  R. 14, at 4.

Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); Fed. R. Civ. P. 56(c).  There are no genuine issues of material fact as to whether the elements of breach of contract under Kentucky law are satisfied here.  A valid contract existed, as evidenced in the purchase order and the signed letter from Abbas.  BDG promised to obtain a 2008 Bentley that met Prince's specifications and to give Prince a trade-in value of $171,245 in exchange for Prince's buying the 2007 Bentley at full MSRP.  That contract was breached when BDG did not obtain the promised 2008 Bentley and refused to apply the trade-in value toward the 2009 Bentley it ordered for Prince.  Finally, that breach caused damages to Prince, who overpaid for a vehicle that did not meet his specifications and who has never been given the opportunity to purchase the car he was promised, for the bargain that was made.

Prince asserts that the only question to be determined by the court is whether BDG can avoid its obligations under the agreement by refusing to purchase a 2008 model for Prince, but offering a more expensive 2009 model.  It cannot,

and BDG breached the implied covenant of good faith and fair dealing when it did not make reasonable efforts to comply with its contract, which implicitly obligated it to obtain a 2008 model for Prince to purchase. *Carroll Fiscal Court v. McClorey*, 455 S.W.2d 547, 549 (Ky. 1970). BDG did not do everything necessary to carry out its obligation; in fact, it did not attempt to order the 2008 model until nine months after it agreed to do so, in June 2008. *See Beech Creek Coal Co. v. Jones*, 262 S.W.2d 174 (Ky. Ct. App. 1953) (imposing on parties to a contract an implied duty to do everything necessary to carry out the contract's purpose). In order to give effect to the contract, BDG should have timely obtained a 2008 model, and BDG cannot now avoid its trade-in credit obligation by choosing instead to wait and order the 2009 model.

"In the case of a breach of contract, the goal of compensation is not the mere restoration to a former position . . . but . . . the attempt to place the plaintiff in the position he would be in if the contract had been fulfilled." *SEG Employees Credit Union*, 554 S.W.2d 402, 406-07 (Ky. Ct. App. 1977). If the contract had been fulfilled, Prince would have purchased the 2008 model that met his specifications for full MSRP, less the promised credit. Because of the defendants' breach, Prince drives a 2007 model which does not meet his specifications, which has significantly depreciated, and for which he paid full MSRP, and he has not received the benefit of his bargain and purchased his desired Flying Spur Bentley with the promised credit. That said, Prince's request for $25,000 in compensatory

damages will be granted by the court.

### III. Motion for Attorneys' Fees

A court's discretion to award attorneys' fees is a rare exception to the "American Rule" that attorneys' fees are not recoverable in the absence of a statute or contract providing therefor. *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717-19 (1967). Such discretion is typically exercised only when "overriding considerations of justice" compel it, *id.* at 718, or to provide full relief to the prevailing party in an equity case, *Monroe v. Bd. of Comm'rs*, 453 F.2d 259, 262-63 (6th Cir. 1972). *See also* 10 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 2675 (3d. ed 2009). Although Prince and his counsel were understandably frustrated by the inaction of the defendants, the circumstances of this case are not sufficiently exceptional to compel the award of attorneys' fees.

### IV. Conclusion

Accordingly, **IT IS ORDERED** that the plaintiff's motion (R. 14) is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the plaintiff is awarded $25,000 in compensatory damages and nothing in attorney fees.

A separate Judgment will issue.

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

Signed on  January 20, 2010